IN THE CIRCUIT COURT FOR PINELLAS COUNTY, FLORIDA
CASE NO._____

JOHN LUTZ,

        Plaintiff,

-v-

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign
corporation authorized to do business
in the state of Florida,

        Defendant.
_____/

**SUIT FOR NEGLIGENCE**
**JURY TRIAL DEMANDED**

## COMPLAINT

The Plaintiff, JOHN LUTZ, sues the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and alleges as follows:

1. That this is an action for damages that exceed FIFTEEN THOUSAND ($15,000) DOLLARS.

2. That at the time of this incident, the Plaintiff, JOHN LUTZ, was and is a resident of Pinellas County, Florida.

3. That at all times material to this action, the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, was and is a foreign corporation authorized to do business in the State of Florida and had an office for the transaction of its customary business in Pinellas County, Florida.

4. That on or about January 20, 2017, at approximately 2:30 p.m., the Plaintiff, JOHN LUTZ, was operating a vehicle east on Drew Street at or near the intersection of Belcher Road North in Clearwater, Pinellas County, Florida. That on the same date, place and time, Donald Stingle, an "uninsured/underinsured" motorist, did negligently operate, maintain or control his vehicle such that it ran into the vehicle the Plaintiff was operating, causing a collision.

5. That the actions of the uninsured/underinsured driver, Donald Stingle, were negligent and careless and were the direct and proximate cause of the ensuing automobile accident.

6. That as a direct and proximate result of the negligent operation of said vehicle



EXHIBIT B

by the uninsured/underinsured motorist, Donald Stingle, JOHN LUTZ, has suffered serious and permanent injuries of his head, neck, body, back and legs and aggravated a pre-existing condition. That as a proximate result of the said serious and permanent injuries, JOHN LUTZ, has in the past and will in the future suffer much mental and physical pain and suffering and further that the Plaintiff has suffered in the past and will in the future suffer the inability to lead a normal life, and further, the Plaintiff has also suffered in the past the loss of earnings and will suffer the loss of future earning capacity because of the permanent nature of the said injuries and further, the Plaintiff has been required in the past and will be required in the future to spend large sums of money for remedial medical care to treat said serious and permanent injuries.

7. That the Plaintiff, JOHN LUTZ, has sustained one or more of the following injuries or losses as a proximate result of the said accident described in this complaint that occurred on January 20, 2017:

a) significant and permanent loss of bodily function, or

b) permanent injury within a reasonable degree of medical probability other than scarring or disfigurement, or

c) significant and permanent scarring or disfigurement.

8. Furthermore, as a direct and proximate result of the negligence of the uninsured/underinsured motorist, Donald Stingle, JOHN LUTZ, has incurred economic damages for medical expenses in the past and will incur expenses for medical treatment in the future, and has sustained past loss of earnings and earning capacity and will sustain loss of earnings and earning capacity in the future, which economic damages are not payable under Florida no fault, or the damages exceed the amount of the Plaintiff's coverage under his no fault policy, and the Plaintiff is entitled to collect those economic damages, past and future, from the Defendant even if the Plaintiff does not have a permanent injury.

9. That at the time of the aforementioned automobile accident, the Plaintiff, JOHN LUTZ, was insured by the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, under a policy which provided for uninsured motorist and/or underinsured motorist coverage. Policy No. E17670559.

10. That at the time of the aforementioned accident, Donald Stingle, was an uninsured and/or underinsured driver as defined by the aforementioned policy issued to the Plaintiff by the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

11. That pursuant to the terms of that policy, the Plaintiff, JOHN LUTZ, has made a claim for uninsured motorist benefits. However, the Plaintiff, JOHN LUTZ, and the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, have been unable to agree on the amount of the damages sustained by the Plaintiff arising out of this automobile accident and, therefore, have been unable to resolve the uninsured motorist claim.

12. Plaintiff has complied with all of the provisions in the aforementioned policy and all conditions precedent to filing this suit have been met.

**WHEREFORE**, the Plaintiff, JOHN LUTZ, demands judgment against the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, for all damages to which he is entitled, along with the costs of this action and prejudgment interest for all liquidated damages and demands a trial by jury on all issues.

**TANNEY, GRIFFITH & BRESLER, P.A.**
Attorneys for Plaintiff
29605 U.S. 19 N., Suite 210
Clearwater, FL 33761
(727) 781-8817
SPN No. 00659921
FL Bar No. 0629073

Service Designations:
Primary: tg@tanneygriffithlaw.com
Secondary: stacy@tanneygriffithlaw.com

By: /s/ Tony Griffith
    TONY GRIFFITH, ESQ.