UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN LUTZ,

    Plaintiff,

v.                       Case No. 8:17-cv-2821-T-33MAP

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff John Lutz's Motion to Remand (Doc. # 5), which was filed on November 29, 2017. The Court grants the Motion and remands this action to state court pursuant to 28 U.S.C. § 1447(c) because this Court lacks subject matter jurisdiction.

**I. Background**

On January 20, 2017, Lutz was involved in a car crash with an "uninsured/underinsured motorist" in Clearwater, Florida. (Doc. # 2 at ¶ 4). Lutz was insured by Defendant State Farm at the time of the accident under Policy number E17670559. (Id. at ¶ 9). On October 13, 2017, Lutz filed a Complaint against State Farm in state court "for damages that exceed fifteen thousand $15,000 dollars." (Id. at ¶ 1).

Lutz describes his injuries in the Complaint as "serious and permanent injuries or his head, neck, body, back and legs and aggravat[ion] of a pre-existing condition." (Id. at ¶ 6). The Complaint also indicates that Lutz has incurred medical expenses and has sustained a loss of earnings. (Id. at ¶ 8).

State Farm removed the case on November 22, 2017, on the basis of complete diversity of citizenship. (Doc. # 1). In the Notice of Removal, State Farm indicates that it is an Illinois insurance company organized under the laws of the State of Illinois, and is thus a citizen of Illinois. (Id. at ¶ 14). The Notice of Removal also states that Lutz "is a citizen of the State of Florida." (Id. at ¶ 15).

As to the amount in controversy, State Farm alleges in a conclusory manner that "this is a civil action in which the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs." (Id. at ¶ 16). State Farm highlights that the relevant insurance policy's limits are $100,000, that Lutz "sustained a comminuted fracture of the right calcaneus," that a $50,000 medical procedure is contemplated, and that Lutz has incurred $34,854.30 in medical bills. (Id. at ¶¶ 3, 10, 12). At this juncture,

2

Lutz has filed a Motion to Remand arguing that this Court should reject State Farm's assertions regarding the amount in controversy.

**II. <u>Analysis</u>**

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." <u>Williams v. Best Buy Co.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001). Further, if "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." <u>Lowery v. Ala. Power Co.</u>, 483 F.3d 1184, 1208 (11th Cir. 2007).

Lutz does not make a specified claim for damages. (Doc. # 2 at ¶ 1) (generally alleging damages exceeding $15,000). In the Motion to Remand, Lutz suggests that the only evidence of the amount in controversy is two competing letters of counsel. Lutz's demand letter is discussed in the Notice of Removal; however, it is not before the Court.

3

The Court gathers that Lutz demands an amount greater than the jurisdictional minimum, but the medical bills described in the demand letter amount to $34,854.30, which is far less than the amount required for removal. And, Lutz has filed State Farm's September 20, 2017, letter authored in response to the presuit demand letter in which State Farm offered to settle the case for $11,753.51. (Doc. # 5-1).

The letters of counsel do not convince the Court that the jurisdictional amount is satisfied. See <u>Standridge v. Wal-Mart Stores</u>, 945 F. Supp. 252, 256 (N.D. Ga. 1996)(holding that a pre-suit demand letter was "nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages plaintiff is seeking").

The Court agrees with Lutz that State Farm has not met its burden as to the amount in controversy requirement for the removal of this case. The Court is aware that "district courts are permitted to make reasonable deductions and reasonable inferences and need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount." <u>Keogh v. Clarke Envtl. Mosquito Mgmt., Inc.</u>, No. 8:12-cv-2874-T-30EAJ, 2013 U.S. Dist. LEXIS 20282, at *4-5 (M.D. Fla. Jan. 17,

4

2013)(internal citations omitted). But, overall, the record is devoid of evidence to suggest that Lutz's damages from this incident exceed the $75,000 amount in controversy threshold.

The Court recognizes that Lutz has alleged "serious and permanent injuries," and "significant and permanent loss of bodily function, or permanent injury within a reasonable degree of medical probability other than scarring or disfigurement, or significant and permanent scarring or disfigurement." (Doc. # 1 at ¶¶ 6-7). However, the Court has not been provided with sufficiently specific information about these broad categories of damages to find that the amount in controversy has been met. And, Lutz has described these categories of damages in such a vague and inexact manner that the Court would be required to engage in rank speculation to ascribe these damages with any monetary value.

For instance, Lutz seeks redress for lost wages, but does not provide any earnings records or state the nature of his employment. See Robinson v. Peck, No. 1:14-cv-1628-WSD, 2014 U.S. Dist. LEXIS 159198, at *11-12 (N.D. Ga. Nov. 12, 2014)(granting motion to remand in slip and fall action where plaintiff "allege[d] a generic scattershot list of

unspecified damages," which included personal injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, impaired ability to labor, loss of earning capacity, incidental expenses, expenses for medical treatment, future medical expenses and permanent injury.).

In a case such as this, where "plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." Roe v. Michelin N. Am. Inc., 613 F.3d 1058, 1061 (11th Cir. 2010). As explained above, State Farm falls short of meeting this burden. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff John Lutz's Motion to Remand (Doc. # 5) is **GRANTED.**

(2) The Clerk is directed to **REMAND** this case to state court pursuant to 28 U.S.C. § 1447(c) because this Court lacks subject matter jurisdiction.

(3) After remand has been effected, the Clerk shall **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>1st</u> day of December, 2017.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE